UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNIE PEARL HILLIARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. |
| | ) |
| NEW HORIZON CENTER FOR THE | ) |
| DEVELOPMENTALLY DISABLED, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff ANNIE PEARL HILLIARD brings this action against NEW HORIZON CENTER for employment discrimination under the Age Discrimination in Employment Act [29 U.S.C. § 623(a)] and the Americans with Disabilities Act [42 U.S.C. § 12111] and in support thereof Plaintiff complains as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331.

2. Venue is proper in the Northern District of Illinois because the acts and transactions complained of occurred in this district.

### THE PARTIES

3. Plaintiff Annie Pearl Hilliard is an 85 year old African-American female. At all times relevant to this complaint, Ms. Hilliard was a citizen of the United States and a resident of Cook County, Illinois.

4. Defendant New Horizon Center for the Developmentally Disabled, Inc. ("New

Horizon" or "Defendant") is a private school operated under the supervision of the Illinois State Board of Education. At all times relevant to this action Defendant was an employer within the meaning of the Human Rights Act [29 U.S.C. § 630(b)].

## ADMINISTRATIVE PROCEEDINGS

5. In December 2012 Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR"). Said Charge was designated as Charge Number 2013-CA-1089.

6. On December 11, 2013 Plaintiff's Charge was dismissed for lack of substantial evidence.

7. On April 28, 2014, Plaintiff timely filed a Request for Review with the Illinois Human Rights Commission ("HRC"). The matter has been pending and undecided before the HRC with no indication of when the matter will be decided.

8. On April 13, 2016, Plaintiff requested a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC")

9. On April 19, 2016, the EEOC issued a Notice of Right to Sue. A copy of that Notice of Right to Sue is attached as ***Exhibit A.***

## FACTS

10 Ms. Hilliard was hired by Defendant in 1973 when she was 42 years old. She was hired as a special education teacher whose job duties included teaching children with developmental disabilities.

11. During her 39 years of employment at New Horizon, Ms. Hilliard always performed her assigned job duties as a "special education teacher" in an acceptable manner,

consistent with the Defendant's standards.

12. During most of her tenure working at New Horizon, Carol Kilcoyne was the Managing Director of New Horizon. Ms. Kilcoyne was the only employee tenured longer than Ms. Hilliard.

13. In or about late 2011, Defendant began a process of purging the older, more experienced teachers, and replacing them with younger employees. Accordingly, in 2011 Ms. Kilcoyne was terminated and replaced by Patricia Palmer.

14. In 2012, Ms. Hilliard was 81 years old and was the oldest employee working at New Horizon, and on information and belief, Ms. Hilliard was also the highest paid teacher then employed at New Horizon.

15. Once Patricia Palmer took over as Principal of New Horizon, she began several conversations wherein she questioned Ms. Hilliard about when she intended to retire.

16. Ms. Hilliard made it clear that she had no immediate plans to retire.

17. Beginning in January 2012 and continuing thru May 2012, Defendant engaged in a pattern of harassing conduct designed to make Ms. Hilliard's working conditions intolerable and force her to terminate her employment with New Horizon.

18. Specifically, on January 17, 2012, Ms. Hilliard was chastised and rebuffed for taking paid time off before a school holiday, despite having followed the Defendant's procedure for requesting such paid time off. Ms. Hilliard was required to explain the need for the requested time off, provide proof of the reason the time was taken, and even still was denied pay for the holiday.

19. The following day, on January 18th, an accident occurred and a child was injured in

Ms. Hilliard's classroom. At the time of the accident, Ms. Hilliard was at lunch and the room was attended by a Teaching Assistant.

20. New Horizon claimed that Ms. Hilliard violated its policy requiring the presence of two teachers in each classroom. Accordingly, although Ms. Hilliard was not present in the room when the accident occurred, New Horizon blamed her for the accident by insisting that Ms. Hilliard failed to competently discharge her responsibilities.

21. In truth, no such policy was recognized or followed at New Horizon.

22. Between January 18, 2012 and January 27, 2012, Ms. Palmer confronted Ms. Hilliard about the incident on a daily basis. On these occasions, Palmer would come into Ms. Hilliard's classroom, or call her out of her classroom and berate her about the incident.

23. Defendant's harassing conduct toward Ms. Hilliard was done publically in front of other employees. Defendant publically blamed Ms. Hilliard and accused her of neglect in connection with the incident, and discussed the matter several times during teachers' meetings.

24. During this same period, Palmer began nitpicking Ms. Hilliard's performance, classroom duties, supervision of staff and even accused her of being personally filthy and keeping a filthy classroom.

25. As a result of these constant disruptions, Ms. Hilliard was unable to teach her class with any regularity, nor was she able to perform other duties required of her position.

26. For several days after the incident, Ms. Hilliard was forced to remain after school hours in what amounted to a detention. During these detentions, Ms. Hilliard was forced to either document the incident, or to document lessons learned from the incident and hand them to Defendant to critique.

27. On January 27th, Ms. Hilliard was summoned to an impromptu meeting with Ms. Palmer, an attorney and another unidentified man. At the meeting Ms. Hilliard was suspended without pay, from January 30th thru February 3, 2012.

28. While Ms. Hilliard was serving her suspension, Palmer entered Ms. Hilliard's classroom and arranged to have some of Ms. Hilliard's personal documents and work materials thrown away.

29. Upon returning to work, Ms. Hilliard was placed on probation, suspended from her teaching duties, and forced to complete an internal retraining program, and an external re-certification program.

30. Ms. Hilliard's retraining program was administered in a manner designed to humiliate her and make returning to work unbearable for her. Specifically, Ms. Hilliard was isolated during the retraining process, and was relocated to a small room just outside of Ms. Palmer's office. Moreover during this entire process, Ms. Hilliard was berated and treated with hostility.

31. After several days of humiliation, hostility and constant berating, on February 9, 2012, Ms. Hilliard became ill and had to leave work early.

32. Ms. Hilliard's physician subsequently diagnosed her as having Major Depressive Disorder prescribed taking a leave of absence. Accordingly, Ms. Hilliard went on FMLA medical leave on February 10, 2012.

33. Once Ms. Hilliard was on medical leave, Defendant sent a series of letters to her, all stating that when Ms. Hilliard returned to work, she would need to complete her retraining and re-certification programs, and thus, encounter more of the humiliation and criticism that caused

her to become ill in the first place.

34. Also during this medical leave, Defendant repeatedly required additional information from Ms. Hilliard and her physician concerning Ms. Hilliard's medical condition.

35. Ms. Hilliard and her physician complied with all of Defendant's demands for additional documentation.

36. In May 2012, Ms. Hilliard's FMLA leave expired. Ms. Hilliard's physician corresponded with Defendant indicating that her condition had improved, but she required additional medical leave.

37. Although Ms. Hilliard required additional time, her physician indicated a return to work date that was in time to begin the new school year.

38. On July 3, 2012, Defendant denied Ms. Hilliard's request for additional leave and Defendant discharged her from her employment.

39. The reason Defendant gave for Ms. Hilliard's discharge was that she voluntarily abandoned her position.

**COUNT I**
**Violations of Section 623(a) of the**
**Age Discrimination in Employment Act (29 U.S.C. § 623(a))**

40. Plaintiff adopts and realleges paragraphs 1 through 39 of this Complaint and incorporates them by reference.

41. Count I is brought pursuant to the Age Discrimination in Employment Act to redress Defendant's discrimination against Plaintiff on the basis of her age.

42. Specifically, on the basis of Plaintiff's age, Defendant New Horizon:

 (a) engaged in a pattern of harassment between January 2012 and May 2012, designed to

create a hostile, intimidating and uncomfortable work environment and make Ms. Hilliard's working conditions intolerable;

(b) subjected Ms. Hilliard to various unequal terms and conditions of employment by among other things, requiring her stay after school for detentions; placing her on probation, suspending her from her teaching duties, requiring her to complete an internal retraining program and external re-certification program; and

(c) terminated Plaintiff's employment.

43. Defendants harassing conduct was extreme and outrageous and in fact created an intolerably hostile workplace that amounted to a constructive discharge of Ms. Hilliard.

44. Similarly situated younger employees, namely Pam Koester, Alana Copola and others were not treated in this manner.

45. As a direct and proximate result of the Defendants' wrongful acts, Plaintiff has suffered actual damages and will continue to suffer damages from the humiliation and embarrassment caused by the Defendant's harassment and Defendant's refusal to treat her fairly and equally because of her age.

46. Because of the Defendant's malicious discrimination against Plaintiff on the basis of her age, Plaintiff claims punitive or exemplary damages.

WHEREFORE, Plaintiff asks judgment against Defendant for:

(a) Actual damages in an amount to be proved at trial;

(b) Compensatory damages in an amount to be proved at trial;

(c) Punitive damages;

(d) Reasonable attorneys' fees and costs of suit; and

(e) Further relief as this court deems just and proper.

## COUNT II
### Violations of Section 12111 of the
### Americans with Disabilities Act of 1990 (42 U.S.C. § 12111)

47. The Plaintiff adopts and realleges paragraphs 1 through 39 of this Complaint and incorporates them by reference.

48. Count II is brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), for Defendant's discriminatory employment practices on the basis of Plaintiff's disability.

49. Plaintiff is a person with a disability within the meaning of the ADA in that she suffered from Major Depressive Disorder and ganglion cysts.

50. Plaintiff was able to perform the essential functions of her job as a special education teacher, with or without an accommodation.

51. Defendant knew that Plaintiff suffered from Major Depressive Disorder and ganglion cysts.

52. Plaintiff sought an accommodation from Defendant in the form of additional medical leave that would have enabled Plaintiff to recover from her disabilities.

53. Defendant denied the additional medical leave requested by Plaintiff and instead, terminated Plaintiff's employment.

54. As a direct and proximate result of the wrongful acts by the Defendant, Plaintiff has suffered actual damages and will continue to suffer damages as a result Defendant's refusal to accommodate because of her disability, and the deprivation by Defendant of Plaintiff's rights to employment opportunities with due regard to her disabilities.

WHEREFORE, Plaintiff asks judgment against Defendant for:

(a) Actual damages in an amount to be proved at trial;

(b) Compensatory damages in an amount to be proved at trial;

(c) Reasonable attorneys' fees and costs of suit; and

(d) Further relief as this court deems just and proper.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55. Plaintiff adopts and realleges paragraphs 1 through 39 of this Complaint and incorporates them by reference.

56. As explained in more detail above, Defendants intentionally and knowingly discriminated against Plaintiff because of her age and disability, deprived her of her rights and refused to treat her fairly and equally.

57. Defendant's conduct toward Plaintiff was extreme and outrageous and has caused Plaintiff to suffer extreme emotional stress and continuing humiliation and embarrassment.

58. Because of the Defendants' malicious discrimination and intentional infliction of emotional distress on Plaintiff, Plaintiff claims punitive or exemplary damages.

WHEREFORE, Plaintiff asks judgment against Defendant for:

(a) Actual damages in an amount to be proved at trial;

(b) Compensatory damages in an amount to be proved at trial;

(c) Punitive damages;

(d) Further relief as this court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff requests a jury trial on all questions of fact raised by the Complaint.

                                    Respectfully submitted,

                                    /s/ Michael A. Childers
                                    Michael A. Childers
                                    Attorney for Plaintiff

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies that he verily believes the same to be true.

                                    /s/ Annie Hilliard
                                    Annie Hilliard

June 20, 2016

Michael A. Childers
CHILDERS & WINDHAM (#35397)
53 West Jackson, Suite 309
Chicago, Illinois 60604
(312) 641-1900